UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| William Jerrod Weaver, | ) | |
|---|---|---|
| | ) | C/A No.: 7:12-357-JMC-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| 7th Circuit Clerk of Court; | ) | |
| 7th Circuit Public Defender, Spartanburg; | ) | |
| Assistant Public Defender Richard H. Whelchel, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a detainee at the Spartanburg County Detention Center ("SCDC") who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, anticipating that his constitutional rights have been violated. He has also filed an application to proceed *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b) and (e) DSC, this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se*, and to submit findings and recommendations to the District Court. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B).

1

## *Pro Se* and *In Forma Pauperis* Review

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Facts Presented

The plaintiff has been held at SCDC since November 19, 2011, pursuant to a bench warrant. *See* Spartanburg County Detention Facility Inmate List, http://www.spartanburgcountyjail.org/x/jailrosterb.xml (last visited Feb. 29, 2011).[1] He claims that, at the beginning of the year 2011, he filed with the defendant Clerk of Court a "motion of discovery" with regard to the warrant. (ECF No. 1 at 3.) The plaintiff alleges that the Clerk of Court said that she would send the discovery to him, but he did not receive it.

The plaintiff adds that, by letter dated November 29, 2011, the defendant Public Defender Richard Whelchel told the plaintiff that he had requested the plaintiff's discovery. The plaintiff said that he wrote the defendant 7th Circuit Public Defender's office and asked for a reply, but had not yet heard from it. The plaintiff says that he has had five roll calls but has not received any discovery, although he "requested it several times." (*Id.* at 3.)

---

[1]The court may take judicial notice of public records. *See, e.g.*, Fed. R. Evid. 201(b)(2); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

As relief, the plaintiff asks, "To find out why they are not producing a discovery, and see if they are breaking constitutional rights." (*Id.* at 4.) Thus, the plaintiff seeks only injunctive relief against the defendants. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed based on failure to state a claim on which relief may be granted.

<u>Applicable Law and Analysis</u>

To the extent this lawsuit may have been filed by the plaintiff so that this Court can assist him in obtaining his discovery, this Court should abstain from interfering with a pending State prosecution. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with State criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44.

From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). In the instant case, the plaintiff is clearly involved in an ongoing State criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he

4

States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson,* 479 U.S. 36, 49 (1986).

The Supreme Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), *quoted in Gilliam*, 75 F.3d at 903. In the plaintiff's case, the *State* affords him the basis for the relief which he seeks: "The prosecution shall respond to the defendant's request for disclosure no later than thirty (30) days after the request is made, or within such other time as may be ordered by the court." S.C. R. Crim. P. 5(a)(3). The plaintiff has not demonstrated that he has yet pursued his claim through the State court system. Therefore, it is appropriate and recommended that this Court should abstain on his § 1983 lawsuit.

Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

March 2 , 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).